**In re Arnold T. PHILLIPS, Jr., Respondent.**

**No. 67799.**

Supreme Court of Missouri, En Banc.

Feb. 14, 1989.

---

Jonathan Ries, St. Louis, for informant.

D. Raymond Raney, Farrell & Long, P.C., Godfrey, Ill., for respondent.

BILLINGS, Chief Justice.

### ORIGINAL DISCIPLINARY PROCEEDING

The Court adopts, with minor modifications, the findings and conclusions of the Master, Honorable Lawrence O. Davis, Judge of the 20th Judicial Circuit, and agrees with the recommendation that respondent be suspended from the practice of law for the period of one year.

### MRS. NAREZ

Respondent Arnold T. Phillips is a licensed attorney practicing in the City of St. Louis. In March of 1980, he agreed to represent Mrs. Catherine Narez on several legal matters. One such matter involved the collection of past due child support from her former husband and a decision was made to collect the child support by garnishing the former husband's salary.

Respondent obtained an order from the Circuit Court of St. Clair County, Illinois, directing the former husband's employer to forward $504.44 in garnished wages to Mrs. Narez, in care of respondent as her attorney. A check was sent by the employer payable jointly to Mrs. Narez and to respondent on September 26, 1980. This check was received by respondent and deposited into his general office account but no part of the proceeds was ever paid to Mrs. Narez.

In 1981, respondent obtained a second order directing the employer to forward $505.71 to Mrs. Narez. A check was sent by the employer to respondent on April 23, 1981, payable solely to Mrs. Narez. This check was also deposited in respondent's general office account and none of the proceeds paid to Mrs. Narez.

In November of 1980, and on several occasions between December 1980 and

April 1981, Mrs. Narez asked respondent about her past due child support. On each occasion respondent either informed her that the matter was tied up in red tape or told her that he would have to check with his secretary. Mrs. Narez was never informed that any portion of the garnishment payment had been collected.

Mrs. Narez never authorized respondent to deposit any of the garnishment checks, to keep any of the proceeds from the checks, or to use the checks in payment of attorney's fees. Respondent claims that he deposited the checks in satisfaction of his attorney's fees but the only record ever showing any credit for this money as fees paid was prepared *after* disciplinary proceedings were instituted. Mrs. Narez was never sent a billing statement for fees owed or a receipt crediting her for fees paid in the amount of the garnishment.

### MR. CHERNASKEY

In 1982 respondent ran an advertisement promoting Chapter 13 debt relief for debtors who did not wish to file a Chapter 7 bankruptcy. In response to this ad, Daniel Chernaskey hired respondent to file a Chapter 13 debt relief action on his behalf. Chernaskey told respondent that he absolutely wanted no bankruptcy.

Respondent filed a petition for relief under Chapter 13 on September 15, 1982. The Chapter 13 plan was not confirmed, however, as a result of objections from creditors. On January 4, 1983, respondent sent his clerk to a hearing before the bankruptcy court. At this hearing the clerk announced that the debtor wished to convert his request for relief under Chapter 13 to an order for relief under Chapter 7. The court accepted this request. Respondent ratified and agreed with the action taken by his clerk even though Chernaskey had never authorized the conversion, was never notified of the January 4 hearing, and did not learn about the conversion until he received a court order.

■ The Bar Committee of the 22nd Judicial Circuit investigated complaints filed against respondent by Mrs. Narez and Mr. Chernaskey.[1] The committee filed an information charging respondent with violating Disciplinary Rules 1–102(A)(3), 1–102(A)(4), 6–101(A)(3), 9–102(A), 9–102(B)(1), 9–102(B)(2), 9–102(B)(3), and 9–102(B)(4) in connection with the Narez matter, and DR-7–101(A)(1), 7–101(A)(2), and 7–101(A)(3) in connection with the Chernaskey matter.

DR-1–102. Misconduct.

\* \* \* \* \* \*

(A) A lawyer shall not:

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Respondent violated DR-1–102(A)(3) and DR-1–102(A)(4), engaging in illegal and dishonest conduct when he received funds on behalf of Mrs. Narez and converted these funds to his own use by placing them in his office account without the consent of Mrs. Narez.

DR-6–101. Failing to Act Competently.

(A) A lawyer shall not:

\* \* \* \* \* \*

(3) Neglect a legal matter entrusted to him.

Respondent violated DR-6–101(A)(3) by agreeing to file a garnishment action for Mrs. Narez, failing to provide her with the garnishment checks, and failing to inform her about the receipt of those checks for two and a half years.

DR-9–102. Preserving Identity of Funds and Property of a Client.

1. Respondent raises several objections in his brief to the procedures employed by the Circuit Bar Committee in investigating and prosecuting his case. These objections are meritless. In accordance with *Rule 5.12,* the Circuit Bar Committee conducted both informal and formal hearings into this matter. A copy of the transcript of the informal hearing and copies of the exhibits from that hearing were provided to respondent when he was given notice of the formal hearing. At the formal hearing, respon-

dent was given an opportunity to be heard, to present evidence, and to confront the witnesses against him. Finding probable cause to believe respondent guilty of professional misconduct, the committee filed an information as provided by *Rule 5.13.* After the information was filed, a two day hearing was conducted before the master. At this hearing, respondent was represented by counsel and was given an opportunity to present evidence and to cross-examine witnesses. These procedures satisfy due process.

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

(2) Identify and label securities and properties of the client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

(3) Maintain complete records of all funds, securities, and other properties of the client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

Respondent violated DR-9-102(A) by commingling Mrs. Narez' funds with his own when he deposited her garnishment checks into his general office account. Respondent violated DR-9-102(B)(1) by failing to notify Mrs. Narez of the receipt of her garnishment checks for two and a half years. Respondent violated DR-9-102(B)(2) by failing to promptly identify the garnishment checks as the property of his client Mrs. Narez. Respondent violated DR-9-102(B)(3) by failing to render any accounting to Mrs. Narez concerning the garnishment funds. Respondent violated DR-9-102(B)(4) by failing to deliver the garnishment checks to Mrs. Narez despite repeated inquiries concerning those checks.

DR-7-101. Representing a Client Zealously

(A) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the disciplinary rules, except as provided by DR-7-101(B). A lawyer does not violate this disciplinary rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR-2-110, DR-5-102, and DR-5-105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR-7-102(B).

Respondent violated DR-7-101(A)(2) and DR-7-101(A)(3) by converting Mr. Chernaskey's Chapter 13 petition into a Chapter 7 petition without his consent. Respondent directly violated his contract of employment with Mr. Chernaskey who desired Chapter 13 debt relief and who expressly stated that he did not want to file for Chapter 7 bankruptcy.

■ The Court orders that respondent be and hereby is suspended from the practice of law for one year, commencing this date. Costs are taxed against respondent.

ROBERTSON, RENDLEN, HIGGINS and COVINGTON, JJ., concur.

WELLIVER, J., concurs in separate opinion filed.

BLACKMAR, J., concurs and concurs in separate concurring opinion of WELLIVER, J.

WELLIVER, Judge, concurring.

While I substantially concur in the result reached, I once again suggest the Court should remove itself from the battle of suspension versus disbarment. *In re Kopf,* 767 S.W.2d 20 (Mo. banc 1989) (Welliver, J. dissenting). The time when the disciplined individual can reapply is the same whether the individual was suspended, disbarred, or removed. Section 484.270, RSMo 1986.

Having reached this point, I would order that Respondent's privilege to practice law be withdrawn, and that he be ordered to comply with Rule 5.21, Notification of Clients and Counsel.